IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2013 AUG 13  A 11: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JOHN JOHNSON, individually and on
behalf of his minor son, K.J.,
LINDA COTTRELL, individually and on
behalf of her minor son, J.F., JESSICA
BERRY, individually and on behalf of her
minor son A.G.. and minor daughter A.G.,

2:13-cv-579-WHA

vs.

DECLARATORY AND
INJUNCTIVE RELIEF
REQUESTED

TROY CITY BOARD OF
EDUCATION, DR. JOHN
EDWARDS, in his individual
and official capacities, EVA
GREEN, in her individual and
official capacities, JAMES THOMAS,
in his individual and official capacities,
WALLY LOWERY, in his individual and
official capacities, ROXIE KITCHENS, in her
individual and official capcities, LEE HICKS,
Superintendent of Schools of TROY CITY
BOARD OF EUCATION, in his individual
and official capacities, TERESA RILEY SIMS,
Principal of Troy Elementary School,

## PRELIMINARY STATEMENT

1. This lawsuit is brought pursuant to Title VI of the Civil Rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The lawsuit challenges policies and practices in the Troy City School District that systematically deny African-American children in the Troy City School System K through the sixth grade the right to an equal educational opportunity.

2. The Troy City School District had a history of intentionally discriminating against African American students. The Troy City School District was previous sued for

1

implementing a policy of de jure segregation (Lee, et al. v. Pike County Board of Education (No. 3104-N). Moreover, the Troy City School System did not reach "unitary status" until 2005. Therefore, it was not determined that the Troy City School System did not eliminate the vestiges of de jure segregatin in the Troy City School District until 2005. However, the Troy City School District is currently purposely engaging in a racially discriminatory practice of racially segregated classes for grades K through sixth grade.

3. The Troy City School District consists of approximately 2,087 students. Of that number, approximately 1,283 (62%) of the students are African-American and 665 (32%) are Caucasian.

4. Since obtaining "unitary status" and being relieved from the supervision of this Honorable Court in Lee, et al. v. Pike County Board of Education litigation, upon information and belief, the Troy City School District purposely and/or recklessly engaged in implementing a policy of allowing parents in grades K through the sixth grade of choosing what teacher would teach their child and choosing what students would be in the same classroom as their child. For purposes of this litigation, the aforementioned policy shall be euphemistically identified as the so-called "parent choice" option.

5. The Troy City School District's "parent choice" policy consists of a request form being disseminated to parents of students in the Troy City School District in grades K-6. Said form would consist of a list for parents to fill so that they can write what teacher they want their child to be assigned to as well as list of students they would like their child to be in the same class.

6. Since the implementation of the "parent choice" option, in a few instances the Troy City School District disregarded requests by Caucasian parents to place their child with African-American teachers. Moreover, the Troy City School District purposely created a racially engineered classroom setting that consisted of for the 2012-2013 Academic Year for grades K-6, a total of 12 all African-American classes.

7. The Troy City School District is nefariously engaging in a policy of implementing racially segregated classrooms under the guise or scheme of "parent choice." Upon information and belief, during the 2008-2009 Academic Year, only one class in K-6 was an all African-American class. Then in the 2009-2010 Academic Year the breakdown of all African-American classes were as follows: Kindergarten (2 classes); 1st grade (1 class); 2nd grade (2 classes). The 2010-2011 Academic Year for grades K-6 breakdown consisted of the following number of all African-American classes: Kindergarten (2 classes); 1st grade (3 classes); 3rd grade (2 classes). Then during the 2011-2012 Academic Year and the 2012-2013 Academic Year for grades K-6 the total number of African-American classes were as follows: Kindergarten (5 classes); 1st grade (5 classes); 2nd grade (2 classes); 3rd grade (2 classes); 4th grade (2 classes); 5th grade (1 class); and 6th grade (1 class).

8. During the 2009-2010 Academic Year, 80% of the all African-American classes for that school year were taught by African-American teachers. This occurred despite the fact that African-American teachers consist of only 22% of the teacher pool for the Troy City School District.

9. Therefore, not only are African-American students being tracked and segregated on the basis of their race as early as kindergarten, but African-American

teachers are being tracked and prohibited from teaching in racially mixed classrooms. This is made clear in the case of retired 1st grade teacher Dejerilyn K. Henderson who taught all African-American classes for three consecutive academic years (2009-2010 Academic Year, 2010-2011 Academic Year, and 2011-2012 Academic Year) until her retirement in 2012. Despite Dejerilyn K. Henderson's protests against Troy School District's implementation of a policy of all African-American classes by the Troy City School District with its so called "parent choice" option, the Troy City School District continues to justify a racist policy of segregation.

10. Plaintiffs are parents of students who attend the Troy City School District. Plaintiffs' children have been placed in all-African American classrooms. Plaintiffs assert that the Troy City School District engaged in and is engaging in this policy of "parent choice" as pretext in order to execute a racially discriminatory policy of racially segregated classrooms. Plaintiffs seek a declaration stating that Defendants' policies and practices of racially segregated all African-American classrooms that result from the "parent choice" option is a violation of Title VI of the Civil Rights Act, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

11. Moreover, Plaintiffs seek prospective injunctive relief enjoining Defendants from implementing the aforementioned "parent choice" option. More specifically, Plaintiffs specifically request that this Court eliminate the policy of allowing parents to choose what teacher the student is assigned to and choosing what students their child will be in the classroom with.

12. Plaintiffs also seek relief mandating Defendants to cease and desist in tracking and profiling student classroom setting solely on race.

13. Defendants' violations of the law will continue absent injunctive and declaratory relief ensuring that Plaintiffs are provided with the access to equal educational opportunity that is free from the invidious taint of racially discriminatory policies and procedures.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because this action seeks a remedy under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, 42 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution.

15. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. Rule 65 of the Federal Rules of Civil Procedure authorized relief. The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

16. Venue is proper in this action pursuant to 28 U.S.C. § 1391.

## PARTIES

## PLAINTIFFS

17. Plaintiff John Johnson, individually and on behalf of his African American minor son, K.J., is a resident of Troy, Alabama. K.J. attended kindergarten in the Troy City School District during the 2012-2013 Academic Year. K.J. will attend school in the first grade in the Troy City School District. K.J. will attend school in the first grade in the Troy City School District for the 2013-2014 Academic Year. During the 2012-2013 K.J. was placed in an all African American classroom.

18. Plaintiff, Linda Cotrell, individually and on behalf of her African American minor son, J.F., is a resident of Troy, Alabama. J.F. attended the 1st grade in the Troy City School District during the 2012-2013 Academic Year. J.F. will attend school in the second grade in the Troy City School District for the 2013-2014 Academic Year. During the 2012-2013 Academic Year J.F. was placed in an all African American classroom.

19. Plaintiff, Jessica Berry, individually and on behalf of her African American son and daughter, A.G. and A.G., is a resident of Troy, Alabama. Plaintiff's, Jessica Berry's, son and daughter attended Troy School District during the 2012-2013 Academic Year. Jessica Berry's son and daughter were in kindergarten and the third grade respectively for the 2012-2013 Academic Year. Both children were placed in all African American classes. Both children will attend the Troy City School District for the 2013-2014 Academic Year.

## DEFENDANTS

20. Defendant Troy City Board of Education receives federal financial assistance from the United States Department of Education and operates public schools for pre K through the 12th grade. As a recipient of federal financial assistance, the Troy City Board of Education is subject to suit pursuant to Title VI of the Civil Rights Act of 1964.

21. Defendant Lee Hicks sued herein in his individual and official capacities, was at all times relevant herein the Superintendent of the Troy City School District and the Troy City Board of Education.

22. Defendant Dr. John Edwards, sued herein in his individual and official capacities, was at all times relevant herein a member of the Troy City Board of Education.

23. Defendant Eva Green, sued herein in her individual and official capacities, was at all times relevant herein a member of the Troy City Board of Education.

24. Defendant James Thomas, sued herein in his individual and official capacities, was at all times relevant herein a member of the Troy City Board of Education.

25. Defendant Roxie Kitchens, sued herein in her individual and official capacities, was at all times relevant herein a member of the Troy City Board of Education.

26. Defendant Teresa Riley Sims, sued herein in her individual and official capacities, was at all times relevant herein principal of Troy Elementary School.

## FACTUAL ALLEGATIONS RELATING TO THE MAINTENANCE OF RACIALLY SEGREGATED CLASSROOMS FOR GRADES K-6 IN THE TROY CITY SCHOOL DISTRICT

27. Defendants have either been deliberately indifferent to the maintenance of a racially segregated educational environment for African American students in the Troy City School District in violation of Title VI of the Civil Rights Act and the Equal Protection Clause of the Fourteenth Amendment or Defendants have purposely and/or recklessly engaged in the policy of racially segregated classrooms.

28. Defendants have systematically engaged in a policy of segregating classrooms on the basis of race and upon information and belief providing unequal treatment towards African American students in terms of discipline and academic opportunities..

29. Despite the exceptional academic achievement of some African American students, Defendants would track and place African American students in all African American classrooms not on the basis of academic ability and performance but solely on the basis of race.

30. In some instances, African American students with above average and superior academic performance and ability would be placed in a less rigorous academic setting. Defendants did so by executing the pretext of "parent choice" in order to create all African American classes.

31. In many instances when the parents of Caucasian students chose to place their child with an African American teacher or in an all African American class, administrators with the Troy City School District refused to respect the requests of the Caucasian students' parents.

32. Moreover, administrators with the Troy City School District engineered racially segregated classrooms. Therefore, African American parents' ability to influence the placement of their child in the classroom of their choice was virtually disregarded and manipulated to such a degree that the so-called "parent choice" policy was inapplicable to many African American parents.

HARM TO PLAINTIFFS

33. As a result of the "parent choice" policy by the Troy City School District, Plaintiffs and other similarly situated African American students have been denied access to equal educational opportunity. Plaintiffs and other similarly situated students have been discriminated against on the basis of their race.

COUNT I

TITLE VI OF THE CIVIL RIGHTS ACT OF 1964---DISCRIMINATION ON THE BASIS OF RACE

34. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein at length.

35. Plaintiffs are all African American.

36. Defendant Troy City School District receives financial assistance from the United States Department of Education. As a result, Defendant Troy City School District is liable to suit under Title VI of the Civil Rights Act of 1964.

37. Defendants violated Title VI by discriminating against Plaintiffs on the basis of race, by maintaining a policy of segregating students into different classrooms on the basis of race.

## COUNT II

## 42 U.S.C. § 1983—DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE EQUAL PROTECTION CLAUSE

38. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein at length.

39. Defendants, acting under color of state law, deprived Plaintiffs of federally protected rights, including but not limited to, rights secured by the Equal Protection Clause of the 14th Amendment of the U.S. Constitution, by segregating students into different classrooms on the basis of race.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiffs respectfully request the Court:

A. Assume jurisdiction over this matter;

B. Declare that Defendants' actions of segregating classrooms on the basis of race violate rights guaranteed by the Fourteenth Amendment of the United States Constitution and Title VI of the Civil Rights Act, 42 U.S.C. § 2000d;

  C. Order Defendants to cease and desist in implementing a policy of racially segregated classrooms by permanently and prospectively enjoining Defendants from implementing their actions and any other appropriate relief;

  D. By issuing a decalaratory judgment stating that Defendants' policy of racially segregated classes are unconstitutional and illegal;

  E. Award the Plaintiffs reasonable attorneys' fees and costs under 42 U.S.C. § 1988, incurred in prosecuting this action;

  F. Grant any other relief this Court deems necessary and proper.

Dated: August 13, 2013

Respectfully Submitted,

/s/: Eric Tavaris Hutchins, Esq.
Eric Tavaris Hutchins, Esq. (HUT026)
Attorney for Plaintiffs
Law Office of Eric Tavaris Hutchins, LLC
P.O. Box 1360
Alexander City, Alabama 35011
Phone: (256) 392-4561
Fax: (256) 392-4562
emayn@yahoo.com

## CERTIFICATE OF FILING

I, Eric Tavaris Hutchins, Esq., hereby certify that I have filed the foregoing with the clerk of Court for the United States District Court for the Middle District of Alabama. Done this the 12th day of August, 2013.

/s/: Eric Tavaris Hutchins, Esq.
Eric Tavaris Hutchins, Esq.

OF COUNSEL:
ERIC TAVARIS HUTCHINS, ESQ.
ATTORNEY FOR PLAINTIFFS